ANN E. SMITH, Respondent, *v.* MARK T. FERRIS, Appellant,
Impleaded with MICHAEL VARLEY, SARAH M. McKINSTRY and
JEREMIAH McKINSTRY.

*Partial guaranty of a mortgage — obligation discharged by the payment by an insur-
ance company of a loss by fire on the mortgaged premises.*

It is only where the language of a guaranty is indefinite and uncertain and the
meaning ambiguous, that resort can be had to "surrounding circumstances,"
or an effort will be made to ascertain the intention of the parties in order to
discover the meaning of the words used.

An instrument by which the party guarantees "the payment of the within mort-
gage according to its terms, until the same is reduced to three thousand dollars,"
ceases to be obligatory upon the part of the guarantor when the mortgage,
which originally secured the payment of the principal sum of $4,000, is, by
reason of the occurrence of a fire in the mortgaged premises, reduced by the
payment of the loss under insurance policies held as collateral to the mortgage
to a sum below $3,000.   (MAYHAM, P. J., dissenting.)

The argument that it was not the intention of the parties to include payments
made on account of insurance upon the premises, because if the property was
destroyed by fire the value would be thereby reduced and the security corre-
spondingly lessened to the extent of the amount received from such insurance,
will not be considered.

APPEAL by the defendant, Mark T. Ferris, from a judgment of
the Supreme Court, entered in the office of the clerk of the county
of Saratoga on the 22d day of November, 1892, adjudging and
directing a sale of mortgaged premises, and that any deficiency
arising upon such sale be paid by the defendant, Mark T. Ferris, in
accordance with the terms of his guaranty, which is set forth in the
following opinion.

The action was tried at the Saratoga Special Term before the
court, upon the decision of which the judgment was entered.

*D. E. Wing* and *L. B. Pike,* for the appellant.

*Maxon & Wiswall* and *J. L. Henning,* for the respondent.

HERRICK, J.:

The defendant Mark T. Ferris appeals from a judgment entered
against him upon a foreclosure of a bond and mortgage.   Ferris
was the owner of a bond and mortgage executed by the defendant

Varley to secure the payment of the sum of $4,000, conditioned to pay the interest, and $100 of the principal, on the first day of April of each and every year, until the whole amount was paid. The mortgage also contained the stipulation that the party of the first part was to have the buildings insured in the sum of $1,000 for the benefit of the party of the second part. Ferris sold and assigned the bond and mortgage, and at the time of the sale and assignment executed upon the face of the mortgage a guaranty in the following language: " I hereby guarantee the payment of the within mortgage, according to its terms, until the same is reduced to three thousand dollars."

Subsequent to the assignment the buildings upon the premises were destroyed by fire.

The plaintiff realized from the insurance the sum of $1,434, which was applied as follows: $1,200 upon the principal and $234 upon the interest, which paid the interest up to April 1, 1890, leaving for the principal $2,700, with interest from April 1, 1890.

A default having been made in the payments of interest and one of the installments of the principal, this action was commenced for the foreclosure of the mortgage, and judgment was rendered against all the defendants, and against the defendant Ferris, which in substance renders him liable for any deficiency that shall arise upon the sale of the mortgaged premises.

The court held as a conclusion of law that the defendant Ferris " was not discharged by the payment of $1,434 on April 1, 1890." The appellant Ferris claims that the reduction of the amount of the mortgage to the sum of $2,700, by the payment of the insurance, relieves him from his guaranty, the mortgage thereby being reduced below $3,000. Contracts of guaranty are subject to similar rules of interpretation as other contracts, but they should not be extended by construction beyond the plain and explicit language used in the contract. (*The People* v. *Lee.* 104 N. Y. 441-449; *McCluskey* v. *Cromwell,* 11 id. 593.)

The liability of the guarantor is not to be extended by construction. (*McCluskey* v. *Cromwell,* 11 N. Y. 598.)

Where the language is plain and unambiguous, there is no room for construction or interpretation; that meaning must be given to it that its language imports, without taking into consideration sur-

rounding circumstances or possible intentions of the parties; the intent is to be sought in such cases in the plain meaning of the words used. It is only where the language is indefinite and uncertain and the meaning ambiguous that resort is had to surrounding circumstances, or an effort is made to ascertain the intention of the parties in order to assist us in discovering the meaning of the words used; in this case the words are plain and certain, " I hereby guarantee the payment of the within mortgage, according to its terms, until the same is reduced to three thousand dollars." The terms of the mortgage are, the annual payment of $100 upon the principal, and that the property shall be insured for the benefit of the holder of the mortgage in the sum of $1,000, which means that the insurance to that amount shall be paid upon the mortgage in the event of the mortgaged property being destroyed by fire.

The terms of the guaranty have been complied with, the mortgage has been reduced by payments made in accordance with its terms to the sum of $2,700.

Ingenious arguments are used to show that it was not the intention of the parties to include payments made of the insurance money, because if the property insured was destroyed by fire, the property would pay the mortgage to that extent, and the security would be reduced and the guaranty be of no benefit, and that such a construction would not be beneficial to the assignee of the mortgage.

Whatever was the intention of the parties in that respect, they did not embody it in the contract; if it was the intent to exclude the payments made by the insurance money, they should have mentioned it; as it is, such a payment is just as much in accordance with the terms and conditions of the mortgage as the annual payment of the $100 therein provided for.

Courts cannot make contracts, and cannot inject into them provisions which the parties omitted to insert themselves.

Courts can only enforce contracts that the parties have made, and can only interpret those contracts from the language used, unless it is susceptible of more than one interpretation, or its meaning is doubtful. In this instance, it seems to me, the terms are plain and unambiguous; that the mortgage has been reduced to $3,000, and that the defendant Ferris is not liable upon his guaranty, and that,

as to him, the judgment appealed from should be reversed, with costs.

PUTNAM, J., concurred.

MAYHAM, P. J. (dissenting):

The defendant Michael J. Varley executed his bond to one Frank Ferris, dated January 16, 1886, conditioned for the payment of the sum of $4,000, at the terms and in the manner therein specified, and as collateral to such obligation executed to the same Ferris his mortgage on certain real estate, which mortgage contained an insurance clause, conditioned that the buildings should be kept insured against loss or damage by fire to the amount of $1,000, for the benefit of the mortgagee.

The bond and mortgage were duly assigned by Frank Ferris, the mortgagee, to Mark T. Ferris, April 1, 1887, who on the 27th day of April, 1888, duly assigned it to the plaintiff and at the time of making such assignment guaranteed the mortgage in the following words:

"I hereby guarantee the payment of the within mortgage according to its terms, until the same is reduced to three thousand dollars.

"MARK T. FERRIS."

The interest was paid on this mortgage up to April 1, 1889, and on the 1st of April, 1890, the following indorsement was made on the bond:

"April 1st, 1890. Received on the within, $1,434, being $1,200 of principal and $234 interest to date, leaving a balance due of $2,700, with interest from date."

The case shows that, before the commencement of this action, the building insured on the mortgaged premises was destroyed by fire, and the insurance of $1,000 applied in part payment of the mortgage, and that at the time of the commencement of the action the amount remaining unpaid upon the mortgage was $2,700. The trial judge held in effect that the application of the insurance money on the mortgage did not reduce the amount of the same to $3,000, within the terms of the guaranty, or its legal effect, and gave judgment against the appellant upon the guaranty. From that determination the guarantor appeals.

On an examination of the facts we think the trial judge was correct in his conclusion and that the judgment should be affirmed on his opinion, with costs.

Judgment reversed, new trial granted, costs to abide event.